IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA              NO.  CIV.S-03-1658 LKK DAD PS
ex rel. GENE L. ROGERS, M.D.,

       Plaintiff,

   v.

COUNTY OF SACRAMENTO, et al.,

       Defendants.
_____/

STATE OF CALIFORNIA                   NO.  CIV.S-05-1999 LKK DAD PS
ex rel. GENE L. ROGERS, M.D.,

       Plaintiff,

   v.                                 FINDINGS AND RECOMMENDATIONS
                                      RE CONSOLIDATION
COUNTY OF SACRAMENTO, et al.,

       Defendants.
_____/

      These related cases came before the court on December 16,

2005, for hearing on defendant County of Sacramento's motion to

consolidate pursuant to Federal Rule of Civil Procedure 42(a).

Plaintiff Gene L. Rogers, M.D., proceeding pro se, appeared on his

1

1  own behalf.  Clair I. Van Dam appeared on behalf of defendant.

2  Having considered all written materials submitted in connection with

3  the motion, and after hearing oral argument, the undersigned will

4  recommend that the motion be granted and these actions be

5  consolidated for all purposes.[1]

6          Federal Rule of Civil Procedure Rule 42(a) provides as

7  follows:

8          When actions involving a common question of law
           or fact are pending before the court, it may
9          order a joint hearing or trial of any or all the
           matters in issue in the actions; it may order all
10         the actions consolidated; and it may make such
           orders concerning proceedings therein as may tend
11         to avoid unnecessary costs or delay.

12  Fed. R. Civ. P. 42(a).  "The district court has broad discretion

13  under this rule to consolidate cases pending in the same district."

14  Investors Research Co. v. U.S. District Court for the Central

15  District of California, 877 F.2d 777, 777 (9th Cir. 1989).  The

16  purpose of consolidation is to avoid unnecessary cost or delay that

17  would result from proceeding separately with claims and issues

18  sharing common aspects of law or fact.  Equal Employment Opportunity

19  Commission v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998).  As

20  the language of Rule 42(a) indicates, the threshold requirement for

21  consolidation is whether the actions involve common facts or legal

22  ───────────────

23      [1]  It appears to be unsettled whether an order of consolidation
    is dispositive or nondispositive for purposes of 28 U.S.C. §
24  636(b)(1).  Compare United States v. $8,221,877.16, 330 F.3d 141, 145
    (3d Cir. 2003)(magistrate judge ordering consolidation) with Giovanni
    v. Lynn, 48 F.3d 908, 911 n.4 (5th Cir. 1995)(magistrate judge
25  recommending consolidation).  Out of an abundance of caution findings
    and recommendations will be issued with respect to the motion to
26  consolidate.

2

1  issues.  Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1064-

2  65 (C.D. Cal. 1999).  Nonetheless, even if common facts or legal

3  issues exist, consolidation is inappropriate if it results in

4  "inefficiency, inconvenience, or unfair prejudice to a party."  HBE

5  Corp., 135 F.3d at 551 (citing Fed. R. Civ. P. 42(b)).  "The party

6  seeking consolidation bears the burden of showing that it would

7  promote judicial convenience and economy."  Powell v. National

8  Football League, 764 F. Supp. 1351, 1359 (D. Minn. 1991).

9         Here, defendant has met its burden of demonstrating that

10  these two cases should be consolidated.  As discussed on the record

11  during the hearing on the pending motion, the legal claims presented

12  by plaintiff in these two qui tam actions are virtually identical.

13  The primary claim in both actions is that the County of Sacramento is

14  violating the federal Personal Responsibility and Work Opportunity

15  Reconciliation Act (PRWORA) by providing non-emergent health care to

16  undocumented immigrants under the County Medically Indigent Services

17  Program.  Both actions appear to contain claims that such care

18  amounts to the fraudulent misappropriation of federal, state and

19  county funds under both the federal False Claims Act and the

20  California False Claims Act.  Both actions also allege, albeit in a

21  somewhat difficult to decipher fashion, that providing such care

22  induces plaintiff, other county workers and undocumented immigrants

23  to engage in unlawful conduct.  Finally, both actions seek the same

24  relief, including but not limited to recovery of the federal, state

25  and county funds expended in violation of the law as well as punitive

26  damages.  Because these actions involve common facts and legal

1  issues, the undersigned will recommend that they be consolidated for

2  all purposes.

3       The undersigned further finds that neither inefficiency,

4  inconvenience, nor unfair prejudice to a party will result from

5  consolidation.  On the contrary, in light of the commonality of

6  questions involved, consolidation will allow the court and the

7  parties to proceed with these matters expeditiously.  In the event

8  the district judge assigned to these matters adopts these findings

9  and recommendations, the undersigned will re-schedule the discovery

10 and law and motion cut-off dates as well as the dates for the final

11 pretrial conference and trial.[2]  Rescheduling the cases so they may

12 proceed on the same track while providing time for the completion of

13 discovery in both will serve to mitigate any potential for prejudice

14 that might result from consolidation at this stage of the

15 proceedings.

16      Accordingly, IT IS HEREBY RECOMMENDED that:

17      1.  Defendant's motion for consolidation be granted;

18      2.  The actions denominated as United States of America ex

19 rel. Gene L. Rogers, M.D., No. CIV.S-03-1658 LKK DAD PS and State of

20 California ex rel. Gene L. Rogers, M.D., No. CIV.S-05-1999 LKK DAD PS

21 be consolidated;

22 /////

23

24      [2]  In the event these findings and recommendations are adopted,
   the undersigned will require that all discovery be completed by March
25 17, 2006, and all law and motion be completed by May 19, 2006.  The
   final pretrial conference and trial will be re-set for July 10, 2006,
26 at 1:30 p.m. and September 26, 2006, at 10:30 a.m., respectively.

1    3.   Case No. CIV.S-03-1658 LKK DAD PS be designated as the

2  "master file";

3    4.   The Clerk of the Court be directed to copy the amended

4  complaint, answer and any cross- or counter-complaints in case No.

5  CIV.S-05-1999 LKK DAD PS and place said copies in the master file;

6    5.   The Clerk be directed to administratively close case

7  No. CIV.S-05-1999 LKK DAD PS; and

8    6.   The parties be directed to file all future pleadings,

9  motions and other filings ONLY in case No. CIV.S-03-1658 LKK DAD PS.

10   These findings and recommendations are submitted to the

11  United States District Judge assigned to the case, pursuant to the

12  provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after

13  being served with these findings and recommendations, any party may

14  file written objections with the court and serve a copy on all

15  parties.  Such a document should be captioned "Objections to

16  Magistrate Judge's Findings and Recommendations."  The parties are

17  advised that failure to file objections within the specified time may

18  waive the right to appeal the District Court's order.  See Martinez

19  v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  DATED: December 20, 2005.

21

22  _____
    DALE A. DROZD
23  UNITED STATES MAGISTRATE JUDGE

24  DAD:th
    Ddad1\orders.prose\rogers1658.consolidation
25

26

5